1  SHAWN R. PEREZ, ESQ.
   Law Office of Shawn R. Perez
2  633 South Fourth Street, Suite 7
   Las Vegas, NV 89129
3  shawn711@msn.com
   (702) 485–3977
4  (702) 383-6603 *Facsimile*

5  Attorney for Defendant
   JENNIFER SUE SELLERS
6

7                    UNITED STATES DISTRICT COURT

8                    FOR THE DISTRICT OF ARIZONA

9                         (Phoenix Division)

10 UNITED STATES OF AMERICA,      )    07-CR-544-PHX-ROS
                                  )
11               Plaintiff,       )
                                  )    DEFENDANT JENNIFER SELLERS'
12 vs.                            )    OBJECTIONS TO PRESENTENCE
                                  )    INVESTIGATION REPORT
13 JENNIFER SUE SELLERS,          )
                                  )    Date:  January 13, 2009
14               Defendant.       )    Time: 3:00 p.m.
   _____)
15

16        Defendant, Jennifer Sue Sellers, through undersigned counsel, hereby files the

17 following objections to the Presentence Investigation Report prepared in the above

18 entitled matter.

19 1.     Paragraph 82 of the report indicates that two levels are added pursuant to U.S.S.G.

20 § 2B1.1(b)(9)(C) in that the offense involved "sophisticated means."   For purposes of

21 subsection (b)(9)(C) "sophisticated means" means especially complex or especially

22 intricate offense conduct pertaining to the execution or concealment of the offense.   The

23 conduct in question in this case is not complex because it involved merely the submission

24 of false employment or income documentation.   There was no intricacy or planning that

25 justifies application of the 2-point enhancement.   The enhancement should be stricken

26 from the report.

27 2.     Paragraph 82 also recommends imposition of a 2-level increase for 10 or more

28 victims.  The Guidelines define victim as "any person who sustained any part of the actual

                                      1

1  loss determined under subsection (b)(1)." U.S.S.G. § 2B1.1 , cmt. n. 1. " 'Actual loss'

2  means the reasonably foreseeable pecuniary harm that resulted from the offense."

3  U.S.S.G. § 2B1.1 , cmt. n. 3(A)(i). " 'Pecuniary harm' means harm that is monetary or

4  that otherwise is readily measurable in money." U.S.S.G. § 2B1.1 , cmt. n. 3(A)(iii). Thus,

5  in order to be counted as a victim, a person must have sustained a loss that is "monetary

6  or that otherwise is readily measurable in money" and that loss must be included in the

7  loss calculation.  In this regard, the report only states that there are "several" financial

8  institutions are were negatively impacted, with no indication as whether the number of

9  institutions was in fact 10 or more.  Further, the victim impact statement of the report

10 states that "if the defendants are currently paying the loans they fraudulently obtained, the

11 lenders are not seeking repossession of the property or vehicles."  This begs the question

12 of whether they should be included as a victim in any event because they have not

13 suffered a loss.

14 3.     Paragraph 108 states that Seller's father had been convicted of "raping and killing

15 women in Georgia."  Sellers' father was not convicted of killing anyone.

16 DATED: December 5, 2008                                  Respectfully submitted,

17                                                                          /s/ *Shawn R. Perez*
                                                                            SHAWN R. PEREZ, ESQ.

I hereby certify that on December 5, 2008
I electronically transmitted the forgoing document to the Clerk's
Office using the CM/ECF System for filing

/s/ *Shawn R. Perez*
SHAWN R. PEREZ, ESQ.

2