DIANE J. HUMETEWA
United States Attorney
District of Arizona

KEVIN M. RAPP
Assistant U.S. Attorney
Arizona State Bar No. 014249
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500
kevin.rapp@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Jennifer Sue Sellers,<br><br>Defendant. | CR-07-0544-PHX-ROS<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS AND SENTENCING MEMORANDUM** |

The Plaintiff, United States of America, files a response to Defendant's objections and a sentencing memorandum for the court's consideration. This memorandum addresses both United States Sentencing Guidelines ("U.S.S.G.") and Title 18, United States Code, Section 3553 factors to be considered when imposing sentence.

**I.  Objections**

   A.   Paragraph 79:

Sellers states that she has not processed loan documents since 2005. Sellers processed the loan for the house that Charles Dozzell bought in Buckeye, AZ in May 2006. Sellers also processed loans for the purchase of two houses in Nevada by Louis Brown, III in January and May 2006, as well as documents for a refinancing of one of these homes in July2006.

   B.   Paragraph 124:

2181 Horse Prairie has already been foreclosed on. The Broadway property is on its way to foreclosure, and Sellers is a partner with Sharpe in that interest.

C.  Paragraph 126:

The statement that Sellers sold the BMW for less than it was worth is misleading. Sellers evaded repossession of this BMW. Sellers invited the collection/repo company to come and get it, rather than disclosing that the vehicle was in the possession of her ex-boyfriend ("Psycho") in Ohio.

## II. Analysis of factors pursuant to Title 18, U.S.C. § 3553

A.  Nature and Circumstances of the Offense

Defendant, a real estate agent and a loan originator, pleaded guilty to being involved in a scheme and artifice to defraud lending institutions by arranging loans in the names of unqualified "straw buyers/ borrowers" for the purchase of homes, unimproved parcels and luxury vehicles. Specifically, between 2002 and 2007, Defendant falsified loan applications for the purchase of residential real estate for purchases made by her and others. Moreover, she completed false employment and/or rent and mortgage verification forms for some of the transactions. In total, she assisted in providing fraudulent documents for nineteen properties and two luxury vehicles. As a real estate agent she caused the loss of $1,753, 346.02 to various lending institutions. (See exhibit A)[1]

B.  History and Characteristics of the Defendant

Defendant has had minimal contact with the criminal justice system as an adult. And, with the exception of the instant offense, her employment in the real estate industry appears to be stable. It is also to her credit that, with limited family support, she was able to obtain a real estate broker's license and maintain her own real estate agency. Unfortunately, she used her specialized knowledge of the real estate industry to participate in fraudulent transactions, including falsifying bank statements that lenders relied upon. Lastly, she is the sole financial and emotional

---

[1] Exhibit A is a spreadsheet that includes transactions involving the purchase of real estate and vehicles by straw buyers facilitated by Defendant. It includes the following relevant information: the date on which property was purchased, the address or type of vehicle, the name of the straw buyer, the mortgage or financing company, the misstatements on the loan application relied on by the lending institution, the sales price, the loan amount obtained, type of lender (private lender means an institution not insured by the FDIC), and the current status of the property.

support for her six-year-old daughter and has maintained support network of friends and family. On balance her history and characteristics weighs in her favor.

      C.      <u>Need for Sentence to Address Additional Title 18, U.S.C. § 3553 Factors.</u>

The sentence advised by the guidelines is reasonable upon consideration of the nature and circumstances of the offense and history and characteristics of Defendant as discussed above, and the additional 18 U.S.C. § 3553 factors, as set forth below:

> (1) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment;
>
> (2) to afford adequate deterrence to criminal conduct;
>
> (3) to protect the public from further crimes of the defendant; and
>
> (4) to provide the defendant with educational or vocational training, medical care or other correctional treatment.

Co-defendants Micah Bowens, Lutrell Sharpe, and Marcus Dozzell orchestrated the scheme to recruit straw buyers for the purchase of real estate and luxury vehicles that resulted in an excess of a million dollars in losses to lending institutions, the defendant was often the common denominator in the majority of the transactions. She used her knowledge as a real estate agent to facilitate most of the fraudulent transactions. In many cases the transactions could not have come to fruition without Defendant's specialized skill as a real estate agent. Additionally, she also served as a loan originator on nine of the transactions. Finally, she received commissions as both the real estate agent and the loan originator.

The Phoenix metropolitan area has experienced an exponential increase in foreclosures, many due to mortgage fraud. As a result, punitive measures need to be meted out to those industry professionals who bear responsibility for enabling fraudulent transactions that have resulted in foreclosures. Accordingly, to promote respect for the law, provide just punishment, afford an adequate deterrent and to protect the public, a prison sentence is warranted. Lastly, while Defendant is in custody she can certainly benefit from educational or vocational training in a legitimate trade or profession other than real estate.

3

**III.  Response to Defendant's §3553 Analysis, Objections, Request for a Downward Departure and Other Considerations.**

A.  Variance based upon Personal Characteristics and History

The Defense identifies several factors that, taken together, would warrant a variance (departure) from the calculated guideline range. They include her history of obtaining a real estate license and purchasing an agency, the fact that Defendant would forfeit her real estate license upon conviction, and, most important, the fact that she is the sole financial and emotion support for a young child. The government concurs that these factors do warrant some consideration for a variance (departure) from the applicable guideline range.

B.  Aberrant Conduct

The defense further argues that Defendant's criminal conduct was aberrant and therefore warrants a departure. The government disagrees. Defendant was involved in a deliberate scheme to manipulate loan applications in order to obtain loans that a buyer could otherwise not afford. The scheme spanned several years. She profited substantially from the criminal activity and most of the properties are in some stage of foreclosure.

Aberrational conduct typically does not include such extensive planning or a series of actions related to the criminal conduct. Unlike some of the participants, she participated willingly and with an educational background and knowledge of the real estate industry that would suggest she knew the consequences of her actions. The defense cites *United States v. Guerrero*, 333 F.3d 1078 ( 9th Cir. 2003) for the proposition that to qualify as aberrant behavior the case must be extraordinary and must (1) be committed without significant planning (2) was of limited duration and (3) represented a marked deviation by the defendant from an otherwise law-abiding life. The instant case does not meet that criterion, therefore, a departure for aberrant behavior is not warranted.

C.  Parity in Sentences

In some situations courts have affirmed departures to lessen disparity among co-defendants. See *United States v. Boshell*, 952 F.2d 1101, 106-09 (9th Cir. 1991). Here, the defendants involved in the conspiracy do not have the same aggravating factors. Most of the

defendants were recruited into the conspiracy to act as straw buyers. One would expect that their sentences would be substantially less than the leaders: Sharpe, Bowens and Dozzell.

Sharpe, Bowens and Dozzell recruited straw buyers and enlisted Sellers to prepare loan applications with false information. Moreover, Sharpe and Bowens have criminal histories that substantially increase their guideline range. Accordingly, to maintain parity in sentences, Sellers should receive a sentence less than the leaders of the conspiracy.

**IV.     Government's Sentencing Recommendation**

Before the court is 30-year old adult female who has resided in Las Vegas, Nevada for most of her life. She has had some contact with the criminal justice system but no felony convictions. Her employment and educational history demonstrate that she is self-starting and has the potential to pursue and maintain consistent employment. Defendant has pleaded guilty to conspiracy to commit bank fraud and money laundering and has received a very favorable plea agreement. First, in exchange for her guilty plea, the government has dismissed numerous other counts. Second, the Defendant received a stipulation that her sentence would not exceed sixty months and her calculated guideline range exceeds sixty months. Lastly, the government recommends the low end of the applicable guideline range and agrees that based upon her history and characteristics some level of departure is warranted. Accordingly, the government, based on the above, recommends the following calculation:

| | | |
|---|---|---|
| Base Offense Level: | 25 | U.S.S.G. §2S1.1(a)(1) [2] |
| Specific Offense Characteristic: | +1 | |
| Adjustment for Role in the Offense: | +2 | U.S.S.G. § 3B1.3 |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1(a) |

---

[2] The government takes the position that the criminal activity does not warrant a two-level increase for sophisticated means. In the final analysis, the criminal activity does not meet the definition set forth in § 2B1.1 Application Note 8.

5

| | |
|---|---|
| Variance for Personal Characteristics and History: | -6 |
| Total Offense Level: | 21 |

The applicable guideline range, based on the above calculation, in a criminal history category I, is 37-46 months. The government recommends a sentence of 38 months.

Respectfully submitted this 7th day of January, 2009.

DIANE J. HUMETEWA
United States Attorney
District of Arizona

s/Kevin M. Rapp
KEVIN M. RAPP
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on January 7th, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant: Shawn Robert Perez, Attorney for Sellers.